**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PETER BEASLEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **NO. 3:13-cv-4972-M-BF** |
| | § | |
| **JOHN KRAFCISIN, JOHN BRANSFIELD, ANA-MARIA DOWNS, and HANOVER INSURANCE COMPANY,** | § § § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this *pro se* civil action to the U.S. Magistrate Judge for pretrial management. Defendants Hanover Insurance Company, John Krafcisin, John Bransfield, and Ana Maria Downs have filed separate motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (2), (3), and (6). For the following reasons, the District Court should grant Defendants' motions as to Plaintiff's claims for injunctive and declaratory relief under the *Younger* abstention doctrine and grant Defendants' motions as to Plaintiff's remaining claims for damages under Rule 12(b)(3).

**Background**

This civil rights action arises out of probate proceedings pending in Cook County, Illinois. According to his most recent amended complaint, Plaintiff Peter Beasley, an African-American and resident of Texas, served as the administrator of his deceased uncle's estate (the "Estate") from May 2009 until the Illinois judge removed him on September 17, 2012. Pl. First Am. Compl. at 4, &18 & 8, & 30. The state judge appointed Defendant John Krafcisin, an

Illinois resident, to replace Plaintiff as Special Administrator of the Estate, and Krafcisin hired Defendant John Bransfield, also an Illinois resident, to represent him in the probate proceeding. *Id.* at 3, && 10, 11 & 9, & 37. Krafcisin, through Bransfield, filed a petition for a determination of liability for mismanagement in the probate proceeding against Plaintiff and surety Defendant Hanover Insurance Company, a Delaware corporation, which seeks to recover approximately $798,000 for the Estate. *Id.* at 9, & 37. Defendant Ana-Maria Downs, an Illinois resident, represents Hanover. *Id.* at 3, && 12, 13. By this lawsuit, Plaintiff alleges that Defendants conspired with the Illinois state judge to interfere with his access to the courts and prevent him from performing his duties as the Estate's administrator in violation of 42 U.S.C. §§ 1983, 1985, and 1986. *Id.* at 12, & 49 & 14-16. Plaintiff seeks relief in the form of a declaratory judgment that the removal order entered by the Illinois judge is void and the surety agreement is invalid and an injunction preventing Defendants from taking further action in the probate matter. *See id.* at 3, & 17, 16-18, && 70-80 & 20. Plaintiff also seeks damages, costs, and attorney's fees. *Id.*

Defendants have filed separate motions to dismiss under Fed. R. Civ. P. 12(b)(1), (2), (3), and (6) on grounds that: (1) subject matter jurisdiction is lacking based on the *Rooker-Feldman* doctrine; (2) abstention is required under the *Younger* doctrine; (3) Plaintiff has failed to state a claim upon which relief may be granted; and (4) venue is not proper in the Northern District of Texas.1 The individual defendants also contend that this Court lacks personal jurisdiction over

---

1

Defendants' arguments are directed at Plaintiff=s original complaint. Although Plaintiff filed an amended complaint after three of the Defendants filed their motions to dismiss, his allegations with respect to subject matter jurisdiction, personal jurisdiction, and venue remained substantially the same. The Court thus advised the parties that it intends to consider the motions to dismiss as being directed at the allegations contained in Plaintiff=s amended complaint. *See* Order (Doc. 21), dated 1/27/14; *Allen v. City of Galveston*, No. A-G-06-467, 2007 WL 996628, at *3 (S.D. Tex. 2007) (citing 6 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure ' 1476

them. The issues have been fully briefed, and the motions are ripe for determination.

**Legal Standards and Analysis**

Among the various arguments made by the different defendants in their separate motions are two common grounds that compel dismissal of all of Plaintiff's claims: (1) abstention is appropriate under the *Younger* doctrine; and (2) venue is not proper in the Northern District of Texas. First, under *Younger v. Harris*, 401 U.S. 37 (1971), a federal district court generally may not consider requests for injunctive or declaratory relief based on constitutional challenges to on-going state court proceedings. *See, e.g., Texas Ass'n of Business v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004) (noting that *Younger*'s applicability has been expanded to civil proceedings). Rather, a federal court must refrain from interfering in a state court proceeding where: (1) the dispute involves an "ongoing state judicial proceeding;" (2) the subject matter of the state proceeding implicates an important state interest; and (3) the state proceedings afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Sup. Ct.*, 84 F.3d 188, 189 (5th Cir. 1996). Here, Plaintiff's amended complaint alleges that the Illinois probate proceeding is still pending.2 Pl. First Am. Compl. at 11-12; *see also* Pl. Mem. (Doc. 14) at 4.

---

(1990)) ("To the extent that the defects raised in the Motion to Dismiss remain in the Amended Complaint, a court should simply apply the Motion to that pleading."); *see also Mortgage Now, Inc. v. Stone*, No. 3:09-CV-80/MCR/MD, 2009 WL 4262877, at *1 n. 2 (N.D. Fla. 2009) (while an amended complaint supercedes a prior complaint, "a motion to dismiss can apply to a subsequently-amended complaint when the amended allegations are substantially similar to those alleged in the earlier complaint"). The Court further granted the parties leave to file supplemental briefs addressing the new allegations in Plaintiff=s amended complaint.

2

Because the amended complaint makes clear that no final judgment has been rendered in the probate proceeding, a threshold procedural condition for the application of *Rooker-Feldman* is not met. *LAC Real Estate Holdings, L.L.C. v. Biloxi Marsh Lands Corp.*, 320 F. App=x 267, 270 (5th Cir. 2009) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)) (holding *Rooker-Feldman* doctrine did not apply where state court proceedings were still pending and no final judgment had been rendered).

Probate matters are uniquely matters of state concern. *Freeman v. Texas*, No. Civ. A. H-08-2050, 2008 WL 4155346, at *4 (S.D. Tex. Sept. 2, 2008). The Circuit Court of Cook County, Illinois, where the underlying probate proceeding is pending, is a court of general jurisdiction, *see Hamilton v. Nielsen*, 678 F.2d 709, 710 (7th Cir. 1982), and Plaintiff's federal claims challenging his removal as the Estate's administrator can be adequately litigated in the pending proceeding. That Plaintiff has been unsuccessful in his campaign to overturn his removal as administrator does not mean that the state proceedings do not afford him an adequate opportunity to raise his constitutional challenges. Nor is equitable relief from this Court required based on Plaintiff's conclusory assertions that the Illinois court's refusal to consider his motion for the judge's recusal "interfere" with his opportunity to litigate his claims. Pl. Resp. at 6. It is thus proper for the Court to abstain from hearing Plaintiff's claims for injunctive and declaratory relief under the *Younger* doctrine. *See Munroe v. McGee,* 478 F. Supp. 2d 110, 116 (D. Mass. 2007) (*Younger* abstention warranted in civil rights action brought by attorney, who was replaced as temporary executor of estate of insurance company's majority shareholder, against insurance company, replacement executor, replacement executor's attorney, and city, alleging numerous state and federal claims related to executor's control over the estate). The District Court should grant Defendants' motion to dismiss as to these claims.

With respect to Plaintiff's remaining claims,[3] Defendants are entitled to dismissal for improper venue. Under Rule 12(b)(3), once a defendant has objected to venue, the burden shifts to the plaintiff to establish that venue is proper as to each defendant and each claim. *Nuttall v.*

[3] *Younger* abstention does not apply to Plaintiff's claims for monetary damages. *Allen v. La. State. Bd. of Dentistry*, 835 F.2d 100, 104 (5th Cir. 1988).

*Juarez*, 984 F. Supp. 2d 637, 642 (N.D. Tex. 2013); *Emelike v. L-3 Comm. Corp.*, No. 3:12-CV-2470-M, 2013 WL 1890289, at *1 (N.D. Tex. May 7, 2013). The court must accept as true all of the allegations in the plaintiff's complaint and resolve all factual conflicts in the plaintiff's favor. *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004)). The court may consider evidence in the record beyond the facts alleged in the complaint and its proper attachments. *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008). If venue is improper, the court has broad discretion to dismiss the case or, in the interest of justice, transfer the case to any district where venue is proper. 28 U.S.C. ' 1406(a); *Caldwell v. Palmetto State Savs. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987).

The general venue statute, 28 U.S.C. ' 1391(b), provides that a civil action may be brought

in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or,
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. ' 1391(b). Plaintiff alleges in his amended complaint that venue is proper in the Northern District of Texas under 28 U.S.C. 1391(b)(3) because he is subject to personal jurisdiction here. Pl. First Am. Compl. at 2. Plaintiff's reliance on this provision is misplaced because section 1391(b)(3) considers only whether any **defendant**, not the plaintiff, is subject to

personal jurisdiction. Further, venue can be based on this subsection only "if there is no district in which the action may otherwise be brought." 28 U.S.C. ' 1391(a)(3). Plaintiff concedes that the conduct that caused his alleged injuries occurred in Cook County, Illinois, which lies in the Northern District of Illinois, and that "venue in Illinois is permissible." Pl. Resp. at 14, 15. This action could have been brought in the Northern District of Illinois because a substantial part of the acts or omissions out of which Plaintiff's claims arose occurred in that district. Accordingly, venue is not proper in this district under section 1391(b)(3).

Plaintiff also argues in response to Defendants' motions to dismiss that venue is proper in this court under section 1391(b)(2) because "the property that is the subject of the action is situated in Texas." Pl. Resp. at 14. According to Plaintiff, Defendants "are really after money – from the estate and from [Plaintiff]." Pl. Resp. at 14. The Estate, however, is being probated in Illinois, and any compensation to which Plaintiff may be entitled as the Estate's administrator is in Illinois. The mere fact that Plaintiff may feel the effects of Defendants' conduct in Texas because he resides in this state is insufficient to establish that venue is proper here. *Nuttall*, 984 F. Supp. 2d at 646; *Bigham v. Envirocare of Utah*, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000). Plaintiff has thus failed to show that venue is proper in the Northern District of Texas under 28 U.S.C. § 1391(b), and the District Court should dismiss Plaintiff's remaining claims for improper venue.[4]

---

[4] In this case, interests of justice do not warrant transfer to the Northern District of Illinois. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought."). Plaintiff's lawsuit primarily seeks declaratory and injunctive relief, and the federal court in Illinois would be similarly prevented from considering those claims under the *Younger* doctrine.

## RECOMMENDATION

For the foregoing reasons, the District Court should GRANT Defendants' Motions to Dismiss (Doc. 8, 10, 12, and 19) as to Plaintiff's claims for injunctive and declaratory relief under the *Younger* abstention doctrine. The District Court should GRANT Defendants' motions as to Plaintiff's remaining claims for damages under Rule 12(b)(3) for improper venue.

SO RECOMMENDED, August 25, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).